**Talal Ahmed ELAYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74717.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

Anthony D. Agpaoa, Law Office of Anthony D. Agpaoa, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Talal Ahmed Elayan, a citizen of Jordan and native of Saudi Arabia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), we deny the petition for review.

■ Elayan testified that police punched and kicked him during a one-day detention and that they made him return for questioning over the next two weeks. Substantial evidence supports the BIA's determination that Elayan failed to establish that he suffered past persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006) (brief detention, beating and interrogation did not compel a finding of past persecution). Further, substantial evidence supports the IJ's conclusion that Elayan has not established an objective fear of future persecution. *See id.* at 1021–22.

Because Elayan did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

■ Finally, substantial evidence supports the BIA's denial of CAT relief because Elayan failed to demonstrate that it is more likely than not that he will be tortured if returned to Jordan. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

